Order Filed on
**5/11/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in compliance with D.N.J. LBR 9004-2(c)** | |
| Dwight Yellen (DY 6547)<br>Michael J. Sheppeard (MS 9115)<br>**BALLON STOLL BADER & NADLER, P.C.**<br>729 Seventh Avenue – 17th Floor<br>New York, NY 10019<br>+<br>505 Main Street<br>Hackensack, NJ 07601<br>212.575-7900<br>Fax 212.764-5060<br>www.ballonstoll.com<br>*Attorneys for Debtor and Debtor-in-Possession*<br>  Against All Odds USA, Inc. | Case No. 09-10117 (DHS)<br><br>Judge Steckroth<br><br>Chapter 11<br><br>TIN: 22-3391747 |
| *In re:*<br><br>  AGAINST ALL ODDS USA, INC.,<br><br>  Debtor and Debtor-in-Possession. | |

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004
AND 6006 (I) APPROVING PROCEDURES IN CONNECTION WITH
THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS,
(II) AUTHORIZING THE DEBTOR TO ENTER INTO STALKING
HORSE AGREEMENT IN CONNECTION THEREWITH, (III)
APPROVING PAYMENT OF A BREAK-UP FEE, AND (IV)
<u>SETTING RELATED AUCTION AND SALE HEARING DATES</u>**

　　　　The relief set forth on the following pages, numbered two (2) through twelve (12) is hereby **ORDERED.**

1540509 v1/NY

**DATED: 5/11/2009**

Honorable Donald H. Steckroth
United States Bankruptcy Judge

THIS MATTER having been opened to the Court by Against All Odds USA, Inc.,
the within debtor and debtor-in-possession (the "**Debtor**"),[1] by and through its attorneys, Ballon
Stoll Bader & Nadler, P.C., upon the motion (the "**Sale Motion**") for entry of orders pursuant to
§§ 105, 363 and 365 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy
Code**") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the
"**Bankruptcy Rules**") (A) (i) approving procedures (the "**Bidding Procedures**") in connection
with the sale of all or substantially all of the Debtor's assets (the "**Assets**"), (ii) authorizing the
Debtor to enter into an Asset Purchase Agreement (the "**APA**") with New Deal LLC (the
"**Prospective Purchaser**") in connection therewith, (iii) approving the payment of a break-up
fee (the "**Break-Up Fee**") on the terms and conditions set forth in the APA, and (iv) the setting
of related auction and sale hearing dates; and (B) (i) approving the sale of the Assets free and
clear of all interests, including all liens, claims and encumbrances; (ii) authorizing the
assumption and assignment of certain Agreements (hereinafter defined); and (iii) approving
certain related relief, all as more fully described in the Sale Motion; and the Court having
jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28
U.S.C. §§ 157 and 1334; and consideration of the Sale Motion and the relief requested therein
being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Sale and the
Bidding Procedures having been provided to (i) the United States Trustee for the District of New
Jersey, (ii) counsel to Bank of America, N.A., (iii) all entities known or reasonably believed to
have asserted a lien, encumbrance, claim or other interest in the Assets that the Debtor seeks to

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Sale
Motion or the APA, as applicable.

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

sell, and (iv) the Master Service List (the parties listed in (i) –(iv) shall be referred to as the

"**Notice Parties**"), and it appearing that no other or further notice need be provided; and the

Court having entered an *Order Shortening Time Period for Notice and Setting Hearing* on May

1, 2009, setting a hearing on the procedural relief requested in the Sale Motion for May 7, 2009;

and the Court having found and determined that the procedural relief sought in the Sale Motion

is in the best interests of the Debtor, its estate and creditors, and all parties in interest, and that

the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted

herein; and upon the hearing to approve the procedural relief requested in the Sale Motion held

on May 7, 2009; and after due deliberation and sufficient cause appearing therefor, it is

### HEREBY FOUND AND DETERMINED THAT[2]:

A.      The Court has jurisdiction to consider the Sale Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Due and proper notice of the Sale and the Bidding Procedures was provided and

no other or further notice is required.

C.      The Bidding Procedures, in the form annexed hereto as **Exhibit A**, are fair,

reasonable and appropriate and are designed to maximize the value of the Debtor's estate.

D.      The form and scope of the Sale Notice (as defined below) is reasonable and

appropriate and complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the

"**Local Rules**") and applicable case law.

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as
      findings of fact when appropriate. See Fed. R. Bankr. P. 7052

*Approved by Judge Donald H. Steckroth May  11, 2009*

E.    The entry of this Order is in the best interests of the Debtor, its estate and

creditors.

**IT IS ORDERED AS FOLLOWS:**

1.    The Debtor is authorized to enter into the APA with the Prospective Purchaser;

provided, however, nothing herein shall constitute this Court's approval of the APA.

2.    The Bidding Procedures, annexed hereto as **Exhibit A**, are approved and shall

govern all bids relating to the sale of the Assets.  The Debtor is authorized to take any and all

actions necessary or appropriate to implement the Bidding Procedures.

3.    If the Prospective Purchaser is not the Successful Bidder (as defined in the

Bidding Procedures), the Prospective Purchaser shall file a motion requesting a hearing on the

approval of the amount of the Break-Up Fee (the "**Break-Up Fee Approval Hearing**") on notice

to (i) the United States Trustee, (ii) counsel for (a) the Debtor, (b) the Committee, and (iii) all

parties who have filed a Notice of Appearance in this case.  The Prospective Purchaser shall have

the right to seek payment of the Break-Up Fee in an amount to be approved by the Court at the

Break-Up Fee Approval Hearing only in the event a higher and/or better transaction is approved

by the Court (the "**Higher or Better Transaction**") and closes.  The Break-Up Fee, to the extent

it is approved in whole or in part, shall be paid to the Prospective Purchaser in cash from the

gross sale proceeds of the Higher or Better Transaction on the later of (i) one (1) business day

after the closing on the sale of the Higher or Better Transaction, or (ii) within one (1) business

day after entry of a final, non-appealable Order approving the amount of the Break-Up Fee.  The

Break-Up Fee shall be paid as, and shall constitute an administrative expense, of the Debtor's

estate under Sections 503(b)(1) and 507(a)(1) of the Bankruptcy Code.

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

4.      If a higher or otherwise better Qualified Bid is timely received by the Debtor, the Debtor is authorized to conduct an auction for the Assets (the "**Auction**") on **May 27, 2009 at 10:00 a.m.** (prevailing Eastern time), at the offices of Ballon Stoll Bader & Nadler, P.C., 729 Seventh Avenue  17th Floor, New York, NY 10019  (or such other time and place as designated by the Debtor on notice to the Qualified Bidders).  The Debtor is authorized to take all actions necessary to conduct the Auction.

5.      The Prospective Purchaser is a Qualified Bidder and the APA is a Qualified Bid. With the exception of the Deposit, which the Prospective Purchaser has already provided, the Prospective Purchaser shall not be required to submit any additional deposit(s).

6.      This Court shall hold a sale hearing (the "**Sale Hearing**") on **May 28, 2009 at 10:00 a.m. (prevailing Eastern time)**, at which time the Court will consider approval of the sale of the Assets; <u>provided</u>, <u>however</u>, that if a Qualified Bidder other than Prospective Purchaser is the Successful Bidder at the Auction, the following deadlines shall govern:

      (i)      Deadline to provide adequate assurance package:  May 29, 2009;

      (ii)      Sale Objection Deadline:  June 18, 2009 at 4 p.m. ET; and

      (iii)      Sale Hearing:  June 25, 2009 at 10 a.m. ET.

7.      The Debtor shall mail a notice (the "**Sale Notice**"), which, among other things, specifies the deadline to submit a bid for the Assets, the time and place of the Auction, the terms and conditions of the Sale, and the deadline for filing any objections substantially in the form annexed hereto as **Exhibit B**.  The Sale Notice is hereby approved as good and sufficient and no other or further notice shall be required if the Debtor causes to be served, within two business

*Approved by Judge Donald H. Steckroth May  11, 2009*

days after entry of this Order, by first-class mail, postage prepaid, copies of the Sale Notice upon the Notice Parties.

8.    No later than two (2) business days after the entry of this Order, the Debtor shall (i) file with the Court and serve on all nondebtor parties to the Debtor's executory contracts and unexpired non-residential real property leases proposed to be assumed by the Prospective Purchaser (each, an "**Agreement**" and collectively, the "**Agreements**") a notice (the "**Cure Notice**"), substantially in the form annexed hereto as **Exhibit C**, of the cure amount necessary to assume the applicable Agreement (the "**Cure Amount**"); and (ii) serve on each counter-party to an Agreement to be assumed and assigned, and its counsel, if known, an adequate assurance package.

9.    The nondebtor party to the Agreement shall have until **May 22, 2009 at 5:00 p.m.** to object or respond to the Cure Amount and must state in its objection with specificity what cure amount is required (with appropriate documentation in support thereof).  Any objection or response to the Cure Notice must be served on the parties set forth below (the "**Service Parties**") via (a) facsimile or electronic mail and regular mail or (b) overnight delivery service:

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

**COUNSEL FOR THE DEBTOR:**

BALLON STOLL BADER & NADLER, P.C.
Attention: Howard Bader, Esq. and Dwight
Yellen, Esq.
729 Seventh Avenue - 17th Floor
New York, NY 10019
Fax: (212) 764-5060
E-mail: HBader@ballonstoll.com;
dyellen@ballonstoll.com

**COUNSEL FOR THE COMMITTEE:**

COOLEY GODWARD KRONISH LLP
Attention: Jay Indyke, Esq. and Brent
Weisenberg, Esq.
1114 Avenue of the Americas
New York, NY 10036
Fax: (212) 479-6275
E-mail: jindyke@cooley.com;
bweisenberg@cooley.com

**COUNSEL FOR THE PROSPECTIVE
PURCHASER:**

MONTGOMERY, McCRACKEN, WALKER
& RHOADS, LLP
Attention: Natalie Ramsey, Esq. and Joseph
O'Neil, Esq.
123 South Broad Street
Philadelphia, PA 19109
Fax: (215) 772-7620
E-mail: joneil@mmwr.com

**COUNSEL TO BANK OF AMERICA,
N.A.:**

DAY PITNEY LLP
Attention: Daniel F. Flores, Esq. and Scott
Zuber, Esq.
7 Times Square
New York, NY 10036
Fax: (212) 916-2940
E-mail: dflores@daypitney.com;
szuber@daypitney.com

10.    If no objection is timely filed and received, then the assumption and assignment is

authorized and the cure amounts set forth in the Cure Notice shall be binding upon the non-

debtor party to the Agreement for all purposes, will constitute a final determination of total cure

amounts required to be paid by the Debtor or the Prospective Purchaser in connection with the

assignment to the Successful Bidder (as defined in the Bidding Procedures) and the nondebtor

party to the Agreement shall be forever barred from asserting any other claims against the

Debtor, the Prospective Purchaser, or the Successful Bidder (as appropriate), or the property of

either of them, as to the Cure Amount.

11.    If an objection is filed pursuant to this Order with respect to the proposed Cure

Amount, the dispute with respect to the Cure Amount may be resolved consensually, if possible,

*Approved by Judge Donald H. Steckroth May 11, 2009*

by the parties, or if the parties are unable to resolve their dispute, by this Court.  During the

pendency of a dispute related to the Cure Amount, the Prospective Purchaser or the Successful

Bidder shall promptly pay the undisputed Cure Amount and escrow any reasonably disputed

Cure Amount pending agreement of the parties or further order of this Court, in which case the

pendency of the dispute relating to the Cure Amount shall not prevent or delay the assumption

and assignment of such Agreement.

12.     The Debtor shall file with this Court a supplement to the Sale Motion (the

"**Supplement**") to report to the Court the results of the Auction within one (1) business day of

the conclusion of the Auction if a Qualified Bidder other than Prospective Purchaser is the

Successful Bidder.

13.     The Supplement will identify, as applicable, among other things, (I) the proposed

buyer of the Assets, (ii) the Assets to be acquired, (iii) the consideration to be paid by the

Successful Bidder for the Assets, (iv) the material terms upon which such purchase is based, and

(v) any material Agreements to be assumed and assigned to the Successful Bidder.  In addition,

the Debtor will annex to the Supplement, as exhibits, copies of agreements entered into by the

Debtor and the Successful Bidder (if different from the APA) and copies of the buyer's adequate

assurance information.

14.     Except as provided in paragraph 6, all objections, if any, to the Sale must:  (a) be

in writing; (b) comply with the Bankruptcy Rules and the Local Rules; and (c) be filed and

served by **May 22, 2009 at 5:00 p.m. ET.** via (i) facsimile or electronic mail and regular mail or

(ii) overnight delivery service on the Service Parties.  Unless objections are timely presented, the

*Approved by Judge Donald H. Steckroth May  11, 2009*

Sale Motion shall be deemed uncontested in accordance with Local Rule 9013-(a), and the

requested relief may be granted without a hearing.

15.    The failure of any objecting person or entity to timely file and serve its objection

in accordance with this Order shall be a bar to the assertion, at the Sale Hearing or thereafter, of

any objection to the Sale Motion, or the consummation and performance of the Sale to the

Prospective Purchaser, or alternatively, to the Successful Bidder.

16.    The Bank of America, N.A., successor-by-merger to Fleet National Bank

("**BofA**"), holds an allowed secured claim against the Debtor in the approximate amount of

$3,264,446.59 as of the Petition Date, together with postpetition interest, any attorneys' fees and

costs incurred by BofA, both pre and postpetition, and any miscellaneous pre and postpetition

reimbursement obligations of Debtor to BofA (the "**BofA Secured Claim**"). The BofA Secured

Claim shall be paid by the Prospective Purchaser or the Successful Bidder in full at Closing in

accordance with the terms set forth in paragraphs 18-21 of the form of Sale Order filed with the

Sale Motion.

17.    Crystal Run Newco, LLC, Holyoke Mall Company, L.P., and Pyramid Walden

Company, L.P. (collectively, the "**Secured Landlords**") assert secured claims against the Debtor

in amounts to be determined.  The Prospective Purchaser or the Successful Bidder, as applicable,

agree to pay the Secured Landlords in full at Closing in an amount to be agreed upon by the

parties or pursuant to order of this Court.

18.    The Debtor is authorized and empowered to take such steps, expend such sums of

money and do such other things as may be necessary to implement and effect the terms of this

Order.

1540509 v1/NY

19.    The failure specifically to include any particular provisions of the Bidding

Procedures in this Order shall not diminish or impair the effectiveness of such provisions, it

being the intent of the Court that the Bidding Procedures be authorized and approved in their

entirety.

20.    Notwithstanding Bankruptcy Rules 6004 and 6006, this Order shall be effective

and enforceable immediately upon entry and its provisions shall be self executing.

21.    The Court shall retain jurisdiction over any matter or dispute arising from or

relating to the implementation of this Order.

*Approved by Judge Donald H. Steckroth May  11, 2009*

# EXHIBIT "A"
# BIDDING PROCEDURES

*Approved by Judge Donald H. Steckroth May  11, 2009*

## BIDDING PROCEDURES

## Against All Odds USA, Inc.

### U.S.B.C., D.N.J. 09-10117 (DHS)

Set forth below are the bidding procedures (the "**Bidding Procedures**")[1] to be employed with respect to the proposed sale (the "**Sale**") of substantially all of the assets (the "**Assets**") of Against All Odds USA, Inc. (the "**Debtor**").

On May 1, 2009, the Debtor executed that certain Asset Purchase Agreement (the "**APA**") with New Deal LLC (the "**Prospective Purchaser**"). The transaction contemplated by the APA is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court pursuant to §§ 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**").[2]

On April 30, 2009, the Debtor filed a motion for orders under 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) approving (I) the sale of the substantially all of the assets of the Debtor to the Prospective Purchaser pursuant to the APA, or, alternatively, to the Successful Bidder (as defined below) free and clear of all liens, claims and encumbrances; (ii) a break-up fee (the "**Break-Up Fee**") and certain bidding procedures (the "**Bidding Procedures**"); and (iii) the form and manner of notice of the Sale; and (b) granting other related relief (the "**Sale Motion**").

On May 7, 2009, the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") entered the *Order Pursuant To Sections 105(A), 363 And 365 Of The Bankruptcy Code And Bankruptcy Rules 6004 And 6006 (I) Approving Procedures In Connection With The Sale Of All Or Substantially All Of The Debtor's Assets, (II) Authorizing The Debtor To Enter Into Stalking Horse Agreement In Connection Therewith, (III) Approving Payment Of A Break-Up Fee, And (IV) Setting Related Auction And Sale Hearing Dates* (the "**Bidding Procedures Order**") approving the Bidding Procedures. The Bidding Procedures Order set May 28, 2009 as the date the Bankruptcy Court will conduct a hearing (the "**Sale Hearing**") to authorize the Debtor to enter into the APA.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bidders and bids become qualified, the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein) and the Bankruptcy Court's approval thereof (collectively, the "**Bidding Process**").

---

[1]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the APA.

[2]    A copy of the APA, and papers relating to the Sale Motion are available at http://cases.administarllc.com/AAO.

## Key Dates

The key dates for the Bidding Process are as follows:

| DATE | EVENT |
|---|---|
| **May 26, 2009 at 11:00 a.m., EDT** | Due Date for Bids |
| **May 27, 2009 at 10:00 a.m., EDT** | Auction |
| **May 28, 2009 at 10:00 a.m., EDT** | Sale Approval Hearing |

## Assets To Be Sold

The Assets proposed to be sold include substantially all of the assets comprising the entire business owned by the Debtor (the "**Assets**"), including:

- All of the Debtor's inventory, furniture, fixtures and equipment at all stores, offices and warehouses and all accounts receivable, vehicles and intellectual property;

- All of the Debtor's cash and cash equivalents;

- No less than twenty of the Debtor's non-residential real property leases; and

- Any and all preference claims against creditors and any and all other claims and potential claims that the Debtor or its estate may have, *which claims shall be released and waived.*

## "As Is, Where Is"

The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, their agents, or estate.

## Free of Any And All Liens

All of the Debtor's right, title, and interest in and to the Assets, or any portion thereof, to be acquired shall be sold free and clear of all liens, security interests, and interests thereon and there against (collectively, the "**Liens**"), such Liens to attach to the net proceeds of the sale of such Assets.

## Participation Requirements

Any person who wishes to participate in the Bidding Process (a "**Potential Bidder**") must become a Qualified Bidder. As a prerequisite to becoming a Qualified Bidder, a Potential Bidder, other than the Purchaser, must deliver (unless previously delivered) to counsel for (i) the Debtor, (ii) the Official Committee of Unsecured Creditors (the "**Committee**") and (iii) Bank of America, N.A.:

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May 11, 2009*

(i)      an executed confidentiality agreement in a form acceptable to the Debtor;

(ii)      current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Assets, current audited financial statements of the equity holders of the Potential Bidder, who shall guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement acceptable to the Debtor and their financial advisor; and

(iii)      a preliminary (non-binding) written proposal regarding:

       (a)      the purchase price range;

       (b)      any Assets expected to be excluded;

       (c)      the structure and financing of the transaction (including, but not limited to, the sources of financing of the Purchase Price (as defined in the APA) and the requisite deposit;

       (d)      any conditions to closing that the Prospective Purchaser may wish to impose in addition to those set forth in the APA; and

       (e)      the nature and extent of additional due diligence it may wish to conduct and the date by which such due diligence will be completed.

A Potential Bidder who delivers the documents described in the previous subparagraphs above and whose financial information and credit-quality support or enhancement demonstrate the financial capability of such Potential Bidder to consummate the Sale, if selected as a successful bidder, and who the Debtor, in consultation with the Committee, determine (based on availability of financing, experience, and other considerations) to be able to consummate the Sale within the time frame provided by the APA shall be deemed a "**Qualified Bidder**."

As promptly as practicable after a Potential Bidder delivers all of the materials required above, the Debtor, in consultation with the Committee, shall determine, and shall notify the Potential Bidder, whether such Potential Bidder is a Qualified Bidder.  At the same time that the Debtor notifies the Potential Bidder that it is a Qualified Bidder, the Debtor shall allow the Qualified Bidder to begin to conduct due diligence with respect to the Assets as provided below. Notwithstanding the foregoing, the Prospective Purchaser shall be deemed a Qualified Bidder for purposes of the Bidding Process.

### Due Diligence

The Debtor shall afford each Qualified Bidder due diligence access to the Assets.  Due diligence access may include management presentations as may be scheduled by the Debtor, access to data rooms, on-site inspections, and such other matters which a Qualified Bidder may reasonably request.  The Debtor shall designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.  Any additional due diligence shall not continue after the Bid Deadline.  The Debtor, in its discretion, may coordinate diligence efforts such that multiple Qualified Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations or site inspections.  The Debtor and the Committee shall not be

obligated to furnish any information relating to the Assets to any person other than to Qualified Bidders who make an acceptable preliminary proposal.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer, that it has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith, the Bidding Process or the Auction (as defined herein), except, as to the Successful Bidder, as expressly stated in the definitive APA with such Successful Bidder approved by the Bankruptcy Court.

### Bid Deadline

A Qualified Bidder (other than the Purchaser) who desires to make a bid shall deliver written copies of its bid via (a) facsimile or electronic mail and regular mail or (b) overnight delivery service to the parties set forth below so that such bids are actually received on or before **11:00 a.m. (prevailing Eastern time) on May 26, 2009** (the "**Bid Deadline**").

**COUNSEL FOR THE DEBTOR:**

BALLON STOLL BADER & NADLER, P.C.
Attention: Howard Bader, Esq. and Dwight Yellen, Esq.
729 Seventh Avenue - 17th Floor
New York, NY 10019
Fax: (212) 764-5060
E-mail: HBader@ballonstoll.com;
dyellen@ballonstoll.com

**COUNSEL FOR THE COMMITTEE:**

COOLEY GODWARD KRONISH LLP
Attention: Jay Indyke, Esq. and Brent Weisenberg, Esq.
1114 Avenue of the Americas
New York, NY 10036
Fax: (212) 479-6275
E-mail: jindyke@cooley.com;
bweisenberg@cooley.com

**COUNSEL FOR THE PROSPECTIVE PURCHASER:**

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP Attention: Natalie Ramsey, Esq. and Joseph O'Neil, Esq.
123 South Broad Street
Philadelphia, PA 19109
Fax: (215) 772-7620
E-mail: joneil@mmwr.com

**COUNSEL TO BANK OF AMERICA, N.A.:**

DAY PITNEY LLP
Attention: Daniel F. Flores, Esq. and Scott Zuber, Esq.
7 Times Square
New York, NY 10036
Fax: (212) 916-2940
E-mail: dflores@daypitney.com;
szuber@daypitney.com

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May 11, 2009*

**Bid Requirements**

All bids must include the following documents:

(i)    a letter stating that the bidder's offer is irrevocable for the period set forth in the Bidding Procedures;

(ii)    an executed copy of the APA marked to show amendments and modifications to the APA, purchase price, and proposed schedules;

(iii)    a good faith deposit of twenty percent (20%) of the aggregate bid amount (the "**Good Faith Deposit**"); and

(iv)    satisfactory written evidence of a commitment for financing or other ability to consummate the proposed transaction.

**Qualified Bids**

To be deemed a "**Qualified Bid**" a bid must be received by the Bid Deadline and, among other things:

(i)    be on terms and conditions (other than the amount of the consideration and the particular liabilities being assumed) that are substantially similar to, and not materially more burdensome or conditional to Debtor, than those contained in the APA;

(ii)    must not be contingent on obtaining financing or the outcome of unperformed due diligence or board approval;

1.    must provide for the same return to general unsecured creditors under the APA, including the claims of Kenny Khym and Wicked, plus an additional $300,000;[3]

2.    provide for payment of the Break-Up Fee to the Prospective Purchaser;

3.    provide evidence of adequate assurance of future performance;

4.    confirm that it has not engaged in any collusion with respect to the bidding or the sale; and

5.    include a commitment to consummate the purchase of the Purchased Assets within not more than five days after entry of a Bankruptcy Court order approving such purchase.

---

[3]    Under the APA, Kenny Khym and Wicked Fashions, Inc. ("**Wicked**") are waiving their claims against the Debtor and its estate. Those claims will **not** be waived in the event the Prospective Purchaser is not the ultimate purchaser of the Assets. The Debtor estimates that the cash required to provide general unsecured creditors with a 14% distribution, assuming total general unsecured claims of $28 million, is approximately $4.2 million. In the event the Prospective Purchaser is not the Successful Bidder, the total claims pool would be increased by the inclusion of the claims of Wicked and Kenny Khym, which are filed in the approximate amount of $9.4 million. In that case, the Successful Bidder would need to provide general unsecured creditors with cash in the amount of $5.23 million in order to provide a 14% return to general unsecured creditors.

*Approved by Judge Donald H. Steckroth May 11, 2009*

The Debtor, in consultation with the Committee, retains the sole right to deem a bid a Qualified Bid, if such bid does not conform to one or more of the aforementioned requirements. Each Qualified Bid other than that of the Purchaser shall be called a "**Subsequent Bid**."

**Auction**

If the Debtor receives at least one Qualified Bid in addition to the APA, the Debtor will conduct an auction (the "**Auction**") for the Assets at **10:00 a.m. (prevailing Eastern time) on May 27, 2009** at the offices of Ballon Stoll Bader & Nadler, P.C., 729 Seventh Avenue ●17th Floor, New York, NY 10019, in accordance with the following procedures:

(i)      attendance at the Auction will be limited to the Debtor, the Prospective Purchaser, any representative of the Committee, any representative of the Bank (and the legal and financial advisers to each of the foregoing), all parties in interest, and any Qualified Bidder who has timely submitted a Qualified Bid; provided, however, that only the Prospective Purchaser and Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction;

(ii)      at least two business days prior to the Auction, each Qualified Bidder with a Qualified Bid must inform the Debtor whether it intends to participate in the Auction and at least one business day prior to the Auction, the Debtor will provide such bidders copies of the Qualified Bid which the Debtor believe is the highest or otherwise best offer for the Purchased Assets,

(iii)      all Qualified Bidders will be entitled to be present for all Subsequent Bids, and

(iv)      bidding at the Auction will begin with the highest or otherwise best Qualified Bid, continue in minimum increments as determined by the Debtor and the Committee and conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids.

The bidding at the Auction will be documented, recorded or videotaped. The Auction shall continue in one or more rounds of bidding and shall conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge and written confirmation of the then-existing highest bid or bids. For the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by the Purchaser), the Debtor shall give the Prospective Purchaser a credit in an amount equal to the Break-Up Fee that may be payable to the Purchaser under the APA.

**Selection of Successful Bid**

As soon as practicable after the conclusion of the Auction, the Debtor will, in consultation with its financial advisor and the Committee, review each Qualified Bid and identify the highest or otherwise best offer for the Assets (the "**Successful Bid**") and the bidder making such bid (the "**Successful Bidder**"). The Debtor will sell the Assets for the highest or otherwise best Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after the hearing (the "**Sale Hearing**").

*Approved by Judge Donald H. Steckroth May  11, 2009*

## The Sale Hearing

The Sale Hearing is currently scheduled for **May 28, 2009 at 10:00 a.m.** (prevailing Eastern time) before the Honorable Donald H. Steckroth, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of New Jersey, located at 3rd Floor, 50 Walnut Street, Newark, NJ 07701; provided, however, that if a Qualified Bidder other than Prospective Purchaser is the Successful Bidder at the Auction, the following deadlines shall govern:

      (i)      Deadline to provide adequate assurance package:  May 29, 2009;

      (ii)     Sale Objection Deadline:  June 18, 2009 at 4 p.m. ET; and

      (iii)    Sale Hearing:  June 25, 2009 at 10 a.m. ET

The Sale Hearing may be adjourned or rescheduled by the Debtor without notice other than by an announcement of the adjourned date at the Sale Hearing.

If no Qualified Bids other than that of the Prospective Purchaser are received, the Debtor will proceed with the sale of the Assets to the Prospective Purchaser following entry of the order approving the Sale.  If the Debtor receives additional Qualified Bids, then, at the Sale Hearing, the Debtor shall seek approval of the Successful Bid, as well as the second highest or best Qualified Bid (the "**Alternate Bid**" and such bidder, the "**Alternate Bidder**").  A bid will not be deemed accepted by the Debtor unless and until approved by the Bankruptcy Court.  Following approval of the sale to the Successful Bidder, if the Successful Bidder fails to consummate the sale for specified reasons, then the Alternate Bid will be deemed to be the Successful Bid and the Debtor will effectuate a sale to the Alternate Bidder without further order of the Bankruptcy Court.

## Return of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) shall be held in an escrow account and all Qualified Bids shall remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two Business Days following the closing of the Sale (the "**Sale Date**"). Notwithstanding the foregoing, the Good Faith Deposit, if any, submitted by the Successful Bidder(s) shall be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s).

If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtor shall not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Debtor.  Within five (5) days of the closing date of a sale, the Debtor shall return the Good Faith Deposits of all other Qualified Bidders.

## Reservation of Rights

The Debtor, after consultation with the Bank and the Committee:  (I) may determine which Qualified Bid, if any, is the highest or otherwise best offer, and (ii) may reject at any time, any bid (other than the Purchaser's bid) that is:  (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Debtor, its estate and

*Approved by Judge Donald H. Steckroth May  11, 2009*

creditors as determined by the Debtor in its sole discretion.  In addition, the Debtor reserves its rights, in the exercise of its fiduciary obligations, in consultation with its legal and financial advisors and the Committee, to modify the Bidding Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation, extending the deadlines set forth in the Bidding Procedures, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction any or all of the Assets at any time prior to or during the Auction or canceling the Auction, and rejecting all Qualifying Bids if, in the Debtor's business judgment, no such bid is for a fair and adequate price.

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

# EXHIBIT "B"

# SALE NOTICE

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

Dwight Yellen (DY 6547)
Michael J. Sheppeard (MS 9115)
**BALLON STOLL BADER & NADLER, P.C.**
729 Seventh Avenue – 17th Floor
New York, NY 10019
        +
505 Main Street
Hackensack, NJ 07601
212.575-7900
Fax 212.764-5060
www.ballonstoll.com
*Attorneys for Debtor and Debtor-in-Possession*
  Against All Odds USA, Inc.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------x

*In re:*                                    Chapter 11

AGAINST ALL ODDS USA, INC.,                 Case No. 09-10117 (DHS)

                                            TIN:  22-3391747

                Debtor and
                Debtor-in-Possession.

-------------------------------------------------------x

**NOTICE OF SALE AND BIDDING PROCEDURES**

To:    All Parties-in-Interest on the Master Service List
       -AND-
       All Parties Receiving Electronic Notification From the CM/ECF System

      **PLEASE TAKE NOTICE,** that on **May 28, 2009 at 10:00 a.m. (prevailing Eastern Time)** in the United States Bankruptcy Court for the District of New Jersey, Against All Odds USA, Inc., the debtor and debtor in possession (the "**Debtor**") will ask the Court to approve a sale (the "**Sale**") of substantially all of its assets (the "**Assets**") to New Deal LLC (the "**Prospective Purchaser**") or another party or parties that submit a higher and/or otherwise better bid for the Assets (the "**Successful Bidder(s)**"), free and clear of all liens, claims and encumbrances thereon (collectively, the "**Liens**"), with such Liens attaching to the proceeds of sale of the Assets with the same force, effect and priority as such Liens have on the Assets,

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

subject to the rights and defenses, if any, of the Debtor and any party in interest with respect thereto (the "**Sale Hearing**").[1]

        **PLEASE TAKE FURTHER NOTICE,** that the Sale Hearing may be continued from time to time without further notice, except by the announcement in open court of the time and place of such continued Sale Hearing.

        **PLEASE TAKE FURTHER NOTICE,** that the Assets will be sold pursuant to bidding procedures (the "**Bidding Procedures**"), which were approved by the Bankruptcy Court pursuant to an order dated May 7, 2009 (the "**Bidding Procedures Order**").  The Bidding Procedures set forth the following deadlines:[2]

| DATE | EVENT |
|------|-------|
| **May 22, 2009 at 5:00 p.m., EDT** | Cure Objection Deadline and Sale Objection Deadline |
| **May 26, 2009 at 11:00 a.m., EDT** | Due Date for Bids |
| **May 27, 2009 at 10:00 a.m., EDT** | Auction |
| **May 28, 2009 at 10:00 a.m., EDT** | Sale Approval Hearing |

        **PLEASE TAKE FURTHER NOTICE,** that all interested parties are invited to become a Qualified Bidder[3] and to make offers to purchase the Assets in accordance with the terms of the Bidding Procedures.  The deadline to submit bids (the "**Bid Deadline**") is **May 26, 2009 at 11:00 a.m. (prevailing Eastern Time).**

        **PLEASE TAKE FURTHER NOTICE,** that if there is at least one Qualified Bidder in addition to the Prospective Purchaser, the Debtor will conduct an auction (the "**Auction**") for the Sale of the Assets at the offices of Ballon Stoll Bader & Nadler, P.C., 729

---

[1]     If a Qualified Bidder other than Prospective Purchaser is the Successful Bidder at the Auction, the following deadlines shall govern:

     (i)     Deadline to provide adequate assurance package:  May 29, 2009;

     (ii)    Sale Objection Deadline: June 18, 2009 at 4 p.m. ET; and

     (iii)   Sale Hearing:  June 25, 2009 at 10 a.m. ET.

[2]     If a Qualified Bidder other than Prospective Purchaser is the Successful Bidder at the Auction, the following deadlines shall govern:

     (i)     Deadline to provide adequate assurance package:  May 29, 2009;

     (ii)    Sale Objection Deadline:  June 18, 2009 at 4 p.m. ET; and

     (iii)   Sale Hearing:  June 25, 2009 at 10 a.m. ET.

[3]     Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Bidding Procedures.

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

Seventh Avenue ●17th Floor, New York, NY 10019, on **May 27, 2009 at 10:00 a.m. (prevailing Eastern Time),** or at another time or location, as noticed to such bidder.

       **PLEASE TAKE FURTHER NOTICE,** that if no higher or better bid(s) are obtained with respect to the purchase and sale of the Assets, the Debtor will sell the Assets to the Prospective Purchaser pursuant to the Asset Purchase Agreement dated May 1, 2009 ("**APA**") on file with the Court. The basic terms of the APA are summarized as follows (with all capitalized terms not defined herein having those meanings set forth in the APA):[4]

    a.    <u>Purchased Assets</u>: Substantially all of the Debtor's assets, including:

- All of the Debtor's inventory, furniture, fixtures and equipment at all stores, offices and warehouses and all accounts receivable, vehicles and intellectual property.

- All of the Debtor's cash and cash equivalents.

- No less than twenty of the Debtor's non-residential real property leases.

- Any and all preference claims against creditors and any and all other claims and potential claims that the Debtor or its estate may have, *which claims shall be released and waived.*

    b.    <u>Purchase Price</u>:

- Subject to the Professional Fee Adjustment (as defined in the APA), a guaranteed fourteen percent (14%) distribution to general unsecured creditors;[5]

- a waiver of any and all claims held by Wicked Fashions, Inc. and Kenny Khym against the Debtor and its estate; and

- amounts payable in order to cure any defaults existing as of the date of assumption in respect of any leases or contracts assumed by the Debtor and assigned to Prospective Purchaser.

---

[4]    This summary is qualified by the terms and conditions of the APA. In the event of an inconsistency between this summary and the APA, the APA shall control.

[5]    Under the APA, Kenny Khym and Wicked Fashions, Inc. ("**Wicked**") are waiving their claims against the Debtor and its estate. Those claims will **not** be waived in the event the Prospective Purchaser is not the ultimate purchaser of the Assets. The Debtor estimates that the cash required to provide general unsecured creditors with a 14% distribution, assuming total general unsecured claims of $28 million, is approximately $4.2 million. In the event the Prospective Purchaser is not the Successful Bidder, the total claims pool would be increased by the inclusion of the claims of Wicked and Kenny Khym, which are filed in the approximate amount of $9.4 million. In that case, the Successful Bidder would need to provide general unsecured creditors with cash in the amount of $5.23 million in order to provide a 14% return to general unsecured creditors.

*Approved by Judge Donald H. Steckroth May 11, 2009*

c.    <u>Guaranty</u>: The Prospective Purchaser shall satisfy all allowed secured, priority and administrative claims to the extent the Debtor does not have sufficient cash to pay such claims.

d.    <u>Break-up Fee</u>: If the Debtor sells the Assets to a Successful Bidder other than the Prospective Purchaser, the Debtor shall, in certain circumstances, pay to the Prospective Purchaser a Break-Up Fee in the amount of $250,000.

e.    <u>Transition Services</u>: The Prospective Purchaser will provide the Debtor, at no cost to the Debtor, with various transition services from and after the Closing Date for the purpose of concluding the bankruptcy case.

f.    <u>Bankruptcy Court Approval</u>: The APA is subject to Bankruptcy Court approval.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief to be requested at the Sale Hearing must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the District of New Jersey; and (c) be filed and served by **May 22, 2009 at 5:00 p.m.** via (i) facsimile or electronic mail and regular mail or (ii) overnight delivery service on:

**COUNSEL FOR THE DEBTOR:**

BALLON STOLL BADER & NADLER, P.C.
Attention: Howard Bader, Esq. and Dwight Yellen, Esq.
729 Seventh Avenue - 17th Floor
New York, NY 10019
Fax: (212) 764-5060
E-mail: HBader@ballonstoll.com;
dyellen@ballonstoll.com

**COUNSEL FOR THE PROSPECTIVE PURCHASER:**

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
Attention: Natalie Ramsey, Esq. and Joseph O'Neil, Esq.
123 South Broad Street
Philadelphia, PA 19109
Fax: (215) 772-7620
E-mail: joneil@mmwr.com

**COUNSEL FOR THE COMMITTEE:**

COOLEY GODWARD KRONISH LLP
Attention: Jay Indyke, Esq. and Brent Weisenberg, Esq.
1114 Avenue of the Americas
New York, NY 10036
Fax: (212) 479-6275
E-mail: jindyke@cooley.com;
bweisenberg@cooley.com

**COUNSEL TO BANK OF AMERICA, N.A.:**

DAY PITNEY LLP
Attention: Daniel F. Flores, Esq. and Scott Zuber, Esq.
7 Times Square
New York, NY 10036
Fax: (212) 916-2940
E-mail: dflores@daypitney.com;
szuber@daypitney.com

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May 11, 2009*

Unless objections are timely presented, the Sale Motion shall be deemed uncontested in accordance with D.N.J. LBR 9013-(a), and the requested relief may be granted without a hearing.  Any objector must also appear at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the APA, the Bidding Procedures and the Bidding Procedures Order are available on (a) the Bankruptcy Court's website, www.njb.uscourts.gov, and (b) http://cases.administarllc.com/AAO, and are on file with the Clerk of the Court.  Additional information may be obtained on request from the Debtor's counsel.

Dated:      New York, New York
            May 7, 2009

                        BALLON STOLL BADER & NADLER, P.C.


                        By:_____
                            Dwight Yellen (DY 6547)
                            Michael J. Sheppeard (MS 9115)

                        *Attorneys for Debtor and Debtor-in-Possession*
                            Against All Odds USA, Inc.
                        729 Seventh Avenue – 17th Floor
                        New York, NY 10019
                                    +
                        505 Main Street
                        Hackensack, NJ 07601
                        212.575-7900
                        Fax 212.764-5060

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

# EXHIBIT "C"

# CURE NOTICE

1540509 v1/NY

Dwight Yellen (DY 6547)
Michael J. Sheppeard (MS 9115)
**BALLON STOLL BADER & NADLER, P.C.**
729 Seventh Avenue – 17th Floor
New York, NY 10019
+
505 Main Street
Hackensack, NJ 07601
212.575-7900
Fax 212.764-5060
www.ballonstoll.com
*Attorneys for Debtor and Debtor-in-Possession*
 Against All Odds USA, Inc.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------x

*In re:*                                    Chapter 11

AGAINST ALL ODDS USA, INC.,                 Case No. 09-10117 (DHS)

                                            TIN:  22-3391747

            Debtor and
            Debtor-in-Possession.


------------------------------------------------------x

**NOTICE OF CURE AMOUNT WITH RESPECT TO PROPOSED ASSUMPTION AND
ASSIGNMENT OF CERTAIN OF THE DEBTOR'S EXECUTORY CONTRACTS AND
UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES**

            **PLEASE TAKE NOTICE,** that pursuant to the *Order Pursuant To Sections
105(A), 363 And 365 Of The Bankruptcy Code And Bankruptcy Rules 6004 And 6006 (I)
Approving Procedures In Connection With The Sale Of All Or Substantially All Of The Debtor's
Assets, (II) Authorizing The Debtor To Enter Into Stalking Horse Agreement In Connection
Therewith, (III) Approving Payment Of A Break-Up Fee, And (IV) Setting Related Auction And
Sale Hearing Dates* (the "**Bidding Procedures Order**")[1] entered by the Court on May 7, 2009**,**
Against All Odds USA, Inc., the debtor and debtor in possession (the "**Debtor**") hereby provides
notice of its intent to assume and assign the executory contracts and unexpired non-residential
real property leases (each, an "**Agreement**" and collectively, the "**Agreements**") set forth on
**Exhibit 1** to the Prospective Purchaser or Successful Bidder.

---

[1]     Capitalized terms used but not otherwise defined in this notice shall have the meanings ascribed to them in
the Bidding Procedures Order.

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May  11, 2009*

PLEASE TAKE FURTHER NOTICE, that in accordance with the Sale Order, the Prospective Purchaser, on behalf of the Debtor, will pay the amount that the Debtor's records reflect is owing for prepetition arrearages as set forth on **Exhibit 1** (the "**Cure Amount**"). The Debtor's records reflect that all postpetition amounts owing under the Agreements have been paid and will continue to be paid until the assumption and assignment of the Agreement and that, other than the Cure Amount, there are no other defaults under the Agreement.

PLEASE TAKE FURTHER NOTICE, that Objections, if any, to the proposed Cure Amount must (a) be in writing, (b) state with specificity the cure asserted to be required, (c) include appropriate documentation thereof, and (d) be filed and served on the parties set forth below (the "**Service Parties**") no later than **May 22, 2009 at 5 p.m. ET** via (a) facsimile or electronic mail and regular mail or (b) overnight delivery service:

**COUNSEL FOR THE DEBTOR:**

BALLON STOLL BADER & NADLER, P.C.
Attention: Howard Bader, Esq. and Dwight Yellen, Esq.
729 Seventh Avenue - 17th Floor
New York, NY 10019
Fax: (212) 764-5060
E-mail: HBader@ballonstoll.com;
dyellen@ballonstoll.com

**COUNSEL FOR THE PROSPECTIVE PURCHASER:**

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
Attention: Natalie Ramsey, Esq. and Joseph O'Neil, Esq.
123 South Broad Street
Philadelphia, PA 19109
Fax: (215) 772-7620
E-mail: joneil@mmwr.com

**COUNSEL FOR THE COMMITTEE:**

COOLEY GODWARD KRONISH LLP
Attention: Jay Indyke, Esq. and Brent Weisenberg, Esq.
1114 Avenue of the Americas
New York, NY 10036
Fax: (212) 479-6275
E-mail: jindyke@cooley.com;
bweisenberg@cooley.com

**COUNSEL TO BANK OF AMERICA, N.A.:**

DAY PITNEY LLP
Attention: Daniel F. Flores, Esq. and Scott Zuber, Esq.
7 Times Square
New York, NY 10036
Fax: (212) 916-2940
E-mail: dflores@daypitney.com;
szuber@daypitney.com

PLEASE TAKE FURTHER NOTICE, that if an objection to the Cure Amount is timely filed, a hearing with respect to the objection will be held before the Court, at such date and time as the Court may schedule.

PLEASE TAKE FURTHER NOTICE, that if no objection is timely filed and received to the proposed Cure Amount, then the assumption and assignment is authorized and

1540509 v1/NY

*Approved by Judge Donald H. Steckroth May 11, 2009*

the cure amounts set forth in the Cure Notice shall be binding upon the non-debtor party to the Agreement for all purposes, will constitute a final determination of total cure amounts required to be paid by the Debtor or the Prospective Purchaser in connection with the assignment to the Successful Bidder and the nondebtor party to the Agreement shall be forever barred from asserting any other claims against the Debtor, the Prospective Purchaser, or the Successful Bidder (as appropriate), or the property of either of them, as to the Cure Amount.

**PLEASE TAKE FURTHER NOTICE,** that prior to the Closing Date, the Debtor may amend its decision with respect to the assumption and assignment of any of the Agreements and provide a new notice amending the information provided in this Notice.

Dated:    New York, New York
          May 7, 2009

                                    BALLON STOLL BADER & NADLER, P.C.


                          By:_____
                                Dwight Yellen (DY 6547)
                                Michael J. Sheppeard (MS 9115)

                          *Attorneys for Debtor and Debtor-in-Possession*
                            Against All Odds USA, Inc.
                            729 Seventh Avenue – 17th Floor
                            New York, NY 10019
                                    +
                            505 Main Street
                            Hackensack, NJ 07601
                            212.575-7900
                            Fax 212.764-5060

*Approved by Judge Donald H. Steckroth May 11, 2009*