

Order Filed on
**5/28/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in compliance with D.N.J. LBR<br>9004-2(c)**<br><br>Dwight Yellen (DY 6547)<br>Michael J. Sheppeard (MS 9115)<br>**BALLON STOLL BADER & NADLER,<br>P.C.**<br>729 Seventh Avenue – 17th Floor<br>New York, NY 10019<br>              +<br>505 Main Street<br>Hackensack, NJ 07601<br>212.575-7900<br>Fax 212.764-5060<br>www.ballonstoll.com<br>*Attorneys for Debtor and Debtor-in-Possession*<br> Against All Odds USA, Inc. | Case No. 09-10117 (DHS)<br><br>Judge Steckroth<br><br>Chapter 11<br><br>TIN: 22-3391747 |
| *In re:*<br><br>    AGAINST ALL ODDS USA, INC.,<br><br>        Debtor and Debtor-in-Possession. | **Hearing Date: May 28, 2009 at 10:00<br>a.m., EDT** |

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS;
(II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
<u>AND (IV) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered two (2) through twenty-three (23) is hereby **ORDERED.**

**DATED: 5/28/2009**

Honorable Donald H. Steckroth
United States Bankruptcy Judge

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

THIS MATTER having been opened to the Court by Against All Odds USA, Inc.,

the within debtor and debtor-in-possession (the "**Debtor**"),[1] by and through its attorneys, Ballon

Stoll Bader & Nadler, P.C., upon the motion (the "**Sale Motion**") for entry of orders pursuant to

§§ 105, 363 and 365 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**") and Rules 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") (A) (i) approving procedures (the "**Bidding Procedures**") in connection

with the sale (the "**Sale**") of all or substantially all of the Debtor's assets (the "**Assets**"), (ii)

authorizing the Debtor to enter into an Asset Purchase Agreement (the "**APA**") with New Deal

LLC (the "**Purchaser**") in connection therewith, (iii) approving the payment of a break-up fee

on the terms and conditions set forth in the APA, and (iv) the setting of related auction and sale

hearing dates; and (B) (i) approving the sale of the Assets free and clear of all interests, including

all liens, claims and encumbrances; (ii) authorizing the assumption and assignment of certain

Assumed Agreements (hereinafter defined); and (iii) approving certain related relief, all as more

fully described in the Sale Motion; and the Court having jurisdiction to consider the Sale Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration

of the Sale Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Sale Motion and the Bidding Procedures having been provided to

(i) the United States Trustee for the District of New Jersey, (ii) counsel to Bank of America,

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Sale
Motion or the APA, as applicable.

*Approved by Judge Donald H. Steckroth May 28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

N.A., (iii) entities who have affirmatively requested notice under Bankruptcy Rule 2002, (iv) all

entities known or reasonably believed to have asserted a lien, encumbrance, claim or other

interest in the assets that the Debtor seeks to sell, (v) the Master Service List, and (vi) all parties

that have either expressed an interest in purchasing the Debtor's Assets or who the Debtor

believes may express an interest in purchasing such Assets; and the Court having granted a

portion of the relief requested in the Sale Motion at a hearing (the "**Bidding Procedures**

**Hearing**") held on May  7, 2009 (the "**Bidding Procedures Order**")  **[docket no. 296]** pursuant

to which the Debtor was authorized to enter into the APA with the Purchaser; and an auction

having been scheduled for May 27, 2009 (the "**Auction**") in accordance with the Bidding

Procedures Order; and the Debtor having served on May 11 and 12, 2009, in accordance with the

Bidding Procedures Order, a Cure Notice (as such term is defined in the Bidding Procedures

Order) upon each non-Debtor counterparty to the Debtor's executory contracts and unexpired

leases which the Debtor may seek to assume and assign; and the Debtor not receiving any

Qualified Bids; and the Debtor having determined that the APA constitutes the highest and

otherwise best bid for the Assets; and the Court having considered the Sale Motion, the

opposition thereto, and the arguments of counsel, if any; and the evidence presented in support of

the balance of the relief requested in the Sale Motion at a hearing before the Court on May 28,

2009 (the "**Sale Hearing**"); and upon the full and complete record of the Debtor's chapter 11

case; and it appearing that the Court has jurisdiction over this matter; and it further appearing

that the legal and factual bases set forth in the Sale Motion, at the Bidding Procedures Hearing,

and at the Sale Hearing establish just cause for the relief granted herein; and it further appearing

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

that the relief requested in the Sale Motion is in the best interests of the Debtor, its creditors, and

all other parties in interest in this chapter 11 case; and for the reasons set forth by the Court on

the record at the Sale Hearing; therefore, for good cause shown,

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The findings and conclusions set forth herein constitute the Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

proceeding pursuant to Bankruptcy Rule 9014.

B.    To the extent any of the following findings of fact constitute conclusions of law,

they are adopted as such.  To the extent any of the following conclusions of law constitute

findings of fact, they are adopted as such.

C.    The Court has jurisdiction to grant the relief requested in the Sale Motion

pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §

157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    The statutory predicates for the relief sought in the Sale Motion are §§ 105, 363

and 365 of the Bankruptcy Code, and Rules 2002, 6004, 6006 and 9014 of the Bankruptcy Rules.

E.    Notice of the Sale (the "**Sale Notice**") has been served in accordance with the

Bidding Procedures Order.

F.    As evidenced by the affidavits of service filed with the Court, and based on the

representations of counsel at the Sale Hearing:  (i) there was proper, timely, adequate and

sufficient notice of the Sale Motion and the Sale Hearing, (ii) such notice was good and

sufficient and appropriate under the circumstances of the Debtor's case, and reasonably

*Approved by Judge Donald H. Steckroth May 28, 2009*

Page 5 of 26
Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

calculated to reach and apprise all holders of Claims and Interests (hereafter defined) about the

Sale, and (iii) no other or further notice of the Sale Motion, the Sale Hearing, or the sale of the

Assets is required.

G.      A reasonable opportunity to object or be heard with respect to the Sale Motion

and the relief requested therein has been afforded to all interested persons and entities in this

case.

H.      As demonstrated by: (i) the testimony and other evidence proffered or adduced at

the Sale Hearing; and (ii) the representations of counsel made on the record at the Sale Hearing,

the Debtor has conducted the sale process in a non-collusive, fair and good faith manner that was

in compliance with the Bidding Procedure Order.  A reasonable opportunity has been given to

any interested party to make a higher or otherwise better offer for the Assets.

I.      The Debtor was prepared to hold an Auction, but no Qualified Bids, other than the

bid by the Purchaser, were made.  No Potential Bidder or other person appeared at the Auction.

J.      The terms and conditions set forth in the APA, and the Sale to the Purchaser

pursuant thereto, are fair and reasonable and the purchase price payable to the Debtor pursuant to

the APA constitutes the highest or otherwise best offer obtainable for the Assets.  The Debtor has

demonstrated that its sale of the Assets to the Purchaser in accordance with the terms of the APA

is based on sound business justifications, and such Sale is in the best interests of the Debtor's

estate.

K.      The Debtor (i) has full corporate or other power to execute, deliver and perform

its obligations under the APA and all other documents contemplated thereby or entered into in

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

connection therewith, and the sale of the Assets by the Debtor has, in each case, been duly and

validly authorized by all necessary corporate or similar action, (ii) has all of the corporate or

other power and authority necessary to consummate the transactions contemplated by the APA,

and such other documents contemplated thereby or entered into in connection therewith, and (iii)

has taken all action necessary to authorize and approve the APA and such other documents

contemplated thereby and the consummation by them of the transactions contemplated thereby or

entered into in connection therewith.  No third party consents or approvals, other than those

expressly provided for in the APA, are required for the Debtor to consummate such transactions.

L.      Approval of the Debtor's entry into the APA and the consummation of the Sale at

this time are in the best interests of the Debtor, its estate, creditors and other parties in interest.

M.      The Debtor has demonstrated compelling circumstances and a good, sufficient,

and sound business purpose and justification for the Sale prior to, and outside of, a plan of

reorganization or liquidation in that, among other things, the Sale enables the Debtor to yield the

highest value for the Assets for the Debtor's creditors.

N.      The APA and the Sale were negotiated, proposed and entered into by the Debtor,

the Purchaser and the Committee without collusion, in good faith, and from arm's-length

bargaining positions.  Neither the Debtor, the Purchaser nor the Committee has engaged in any

conduct that would cause or permit either the APA or any other related agreement to be avoided

under § 363(n) of the Bankruptcy Code.

O.      Because, among other things, the sale of the Assets to the Purchaser has been

proposed in good faith, the Purchaser is a good faith purchaser under § 363(m) of the Bankruptcy

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

Code and, as such, is entitled to all of the protections afforded thereby. In the absence of a stay

pending appeal, the Purchaser will be acting in good faith within the meaning of § 363(m) of the

Bankruptcy Code in closing the Sale at any time after entry of this Order, notwithstanding the

provisions of Bankruptcy Rule 6004(h).

P.      The consideration provided by the Purchaser pursuant to the APA (i) is fair and

reasonable, (ii) is the highest or otherwise best offer for the Assets being purchased by such

Purchaser, (iii) will provide a greater recovery to the Debtor's estate than would be provided by

any other available alternative, and (iv) constitutes reasonably equivalent value and fair

consideration under the Bankruptcy Code and under the laws of the United States, any state,

territory, possession, or the District of Columbia.

Q.      The sale of the Assets to Purchaser will be a legal, valid, and effective transfer of

the Assets and will vest Purchaser with all right, title, and interest to the Assets free and clear of

all (i) claims against and interests in the Debtor, and (ii) liens, claims or encumbrances against,

interests in, and pledges of, the Assets (collectively, the "**Claims and Interests**" or if the context

so requires, the "**Claims or Interests**") except as otherwise provided in this Order.

R.      The Debtor may sell the Assets free and clear of all Claims and Interests of any

kind or nature whatsoever, except as otherwise provided in this Order, because in each case, one

or more of the standards set forth in § 363(f)(1) through (5) of the Bankruptcy Code has been

satisfied. Those holders of Claims and Interests who did not object, or who withdrew their

objections, to the Sale Motion are deemed to have consented pursuant to § 363(f)(2) of the

Bankruptcy Code. Those holders of Claims and Interests who did object fall within one or more

*Approved by Judge Donald H. Steckroth May 28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

of the other subsections of 363(f) of the Bankruptcy Code and are adequately protected by

having their Claims and Interests that are secured by valid liens, security interests and similar

encumbrances, if any, attach to the net proceeds of the Sale ultimately attributable to the property

against or in which they assert such Claim or Interest, with the same validity, priority and effect

that existed immediately prior to the consummation of the Sale and subject to any and all rights,

claims and defenses that the Debtor and the Committee may have with respect thereto.

S.      The consideration provided by the Purchaser pursuant to the APA is fair and

adequate, represents consideration deemed valuable in law and constitutes reasonably equivalent

value and fair consideration under the Bankruptcy Code and other applicable law.  The APA has

not been entered into with the intent to hinder, delay or defraud any of the Debtor's creditors or

other parties in interest.

T.      The Debtor has demonstrated that it is an exercise of its sound business judgment

to assume and assign certain of its executory contracts and unexpired non-residential real

property leases (each, an "**Assumed Agreement**" and collectively, the "**Assumed**

**Agreements**"), as modified by the terms of any lease modification, cure, consent and other

agreements (the "**Lease Assignment Agreements**"), in connection with the consummation of the

Sale, and the assumption, assignment and sale of the Assumed Agreements is in the best interests

of the Debtor, its estate, and creditors.  The Assumed Agreements being assigned to the

Purchaser, and the Assumed Liabilities being assumed by the Purchaser, are an integral part of

Assets being purchased under the APA and, accordingly, such assumption, assignment and sale

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

of the Assumed Agreements and Assumed Liabilities are reasonable, enhance the value of the

Debtor's estate, and do not constitute unfair discrimination.

U.      The Purchaser has (i) to the extent necessary, cured or provided adequate

assurance of cure, of any default existing prior to the date hereof with respect to the Assumed

Agreements, within the meaning of 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the

extent necessary, provided compensation or adequate assurance of compensation to any party for

any actual pecuniary loss to such party resulting from a default prior to the date hereof with

respect to the Assumed Agreements, within the meaning of 11 U.S.C. § 365(b)(1)(B) and

365(f)(2)(A).  The Purchaser has demonstrated adequate assurance of future performance within

the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B).

V.      The Sale must be approved and consummated promptly in order to preserve the

viability of the business subject to the Sale as a going concern, to maximize the value of the

Debtor's estate.  Time is of the essence in consummating the Sale.

**IT IS ORDERED AS FOLLOWS:**

1.      The Sale Motion is granted in all respects, as further described herein.

2.      All objections (if any) to the Sale Motion or the relief requested therein that have

not been withdrawn, waived, or settled, and all reservations of rights included in such objections,

are overruled on the merits.

3.      The Debtor and the Committee are each authorized to execute the APA or other

related documents and agreements contemplated thereby or entered into in connection therewith

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

and to consummate all transactions, and take any other actions, contemplated by, or necessary or

appropriate to effectuate, the APA, in accordance with this Order.

4.      The APA, and all of the documents, agreements (including, but not limited to, any

ancillary agreements to be entered into pursuant to the APA), and transactions contemplated

thereby or entered into in connection therewith shall be, and hereby are, approved in all respects.

The Debtor and the Committee are each authorized and empowered to execute, deliver, and

perform under such agreements, in accordance with this Order.

5.      The Debtor's sale of the Assets to the Purchaser in accordance with the terms of

the APA is hereby approved free and clear of all Claims and Interests in accordance with §

363(f) of the Bankruptcy Code, except as otherwise provided in this Order.

6.      Pursuant to § 363(b) of the Bankruptcy Code, the Debtor is authorized and

empowered to perform its obligations under and comply with the terms of the APA and all other

documents and agreements contemplated thereby or entered into in connection therewith, and to

consummate the Sale, pursuant to and in accordance with the terms and conditions of this Order,

the APA and such documents and agreements.

7.      This Order and the APA (including, without limitation, the approval of the APA

and the transactions contemplated therein) shall be binding in all respects upon all creditors of

and holders of equity interests in the Debtor (whether known or unknown), any holders of

Claims and Interests, all applicable successors and assigns of the Purchaser, the Debtor, the

Committee, and any subsequent trustees appointed in the Debtor's chapter 11 case or upon a

conversion to chapter 7 under the Bankruptcy Code and shall not be subject to rejection.

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

8.      The sale of the Assets to the Purchaser pursuant to the APA shall constitute a

legal, valid, and effective transfer of the Assets, and shall vest the Purchaser with all right, title,

and interest of the Debtor in and to the Assets free and clear of all Claims and Interests, except as

provided in this Order, in accordance with § 363(f) of the Bankruptcy Code.

9.      The consideration provided by the Purchaser for the Assets pursuant to the APA

constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and

under the laws of the United States, any state, territory, possession, or the District of Columbia.

10.     The consideration provided by the Purchaser for the Assets pursuant to the APA

is fair and reasonable and the Sale may not be avoided under § 363(n) of the Bankruptcy Code or

otherwise.

11.     Each and every federal, state, and local governmental agency or department is

hereby directed to accept any and all documents and instruments necessary or appropriate to

record and give effect to the Sale, and to transfer the Assets to Purchaser free and clear of all

Claims and Interests except as provided in this Order.  Without limiting the foregoing and except

as provided in this Order, this Order is and shall be effective as a determination that, upon the

closing, all Claims and Interests existing against any of the Assets conveyed to the Purchaser

have been and hereby are adjusted and declared to be unconditionally released, discharged, and

terminated, and shall be binding upon and govern the acts of all entities, including, all filing

agents, filing officers, administrative agencies or units, governmental departments or units,

secretaries of state, federal, state and local officials and all other persons and entities who may be

required by operation of law, the duties of their office, or contract, to accept, file, register or

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

otherwise record or release any documents or instruments, or who may be required to report or

insure any title or state of title in or to the Assets.  Upon the closing, except as provided in this

Order, all Claims and Interests existing against any of the Assets shall be forthwith deemed

removed and stricken and all rights, benefits, and privileges associated with any approval or

license shall be deemed fully vested in and held by the Purchaser free of all Claims and Interests.

12.    This Court retains jurisdiction to enforce and implement the terms and provisions

of this Order, the APA, any waivers and consents thereunder, and of each of the agreements and

documents executed pursuant to or in connection therewith in all respects, including, but not

limited to, retaining jurisdiction to (a) compel delivery of the Assets to the Purchaser, (b) compel

delivery of the Purchase Price or performance of other obligations under the APA owed by or to

the Debtor or the Committee, (c) resolve any disputes arising under or related to the APA, or any

of the agreements and documents executed pursuant thereto or in connection therewith, (d)

interpret, implement, and enforce the provisions of this Order against any person, and (e) protect

the Purchaser against the assertion of any Claims and Interests against the Assets.

13.    The provisions of this Order authorizing the sale of the Assets free and clear of

Liens and Claims (with such Liens and Claims to attach to the proceeds of the sale of the Assets)

shall be self-executing, and neither the Debtor, the Purchaser nor any other party shall be

required to execute or file releases, termination statements, assignments, cancellations, consents

or other instruments to effectuate, consummate and/or implement the provisions hereof with

respect to such sale; provided, however, that this paragraph shall not excuse such parties from

performing any and all of their respective obligations under the Agreement.  Without in any way

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

limiting the foregoing, Purchaser is empowered to execute and file releases, termination

statements, assignments, consents, cancellations or other instruments to effectuate, consummate

and/or implement the provisions hereof with respect to such sale.

14.    Upon entry of this Order and closing of the Sale, Wicked Fashions, Inc.

("**Wicked**") and Kenny Khym and their respective predecessors, successors, assigns, affiliates,

subsidiaries, agents, parents, officers, directors, shareholders, attorneys, representatives and any

other person or entity claiming through Wicked and Kenny Khym (collectively, the "**Releasors**")

hereby forever release, acquit and discharge the Debtor and the Committee, including the

following solely in their capacity as such for the Debtor and the Committee (as applicable) and

not in their individual capacity:  agents, parents, affiliates, officers, directors, shareholders,

employees, accountants, attorneys, heirs, executors, predecessors, successors, administrators,

assigns, bankruptcy estates, trustees, plan administrator, plan trustees, liquidation trusts, other

representatives and any other person or entity claiming through the Committee or the Debtor (the

"**Released Parties**") from and against any and all losses, claims, debts, liabilities, demands,

charges, complaints, obligations, promises, acts, omissions, agreements, costs, expenses,

damages, injuries, suits, judgments, actions, suits or causes of action whatsoever, of whatever

nature, whether know or unknown, suspected or unsuspected, foreseen or unforeseen, fixed or

contingent, liquidated or unliquidated, matured or unmatured, in law or equity that any or all of

the Releasors ever had, now have or hereafter can, shall or may have, against the Released

Parties; *provided, however*, that the releases set forth in this paragraph shall not in any manner or

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

respect release or discharge the Released Parties from their obligations, covenants,
representations, warranties and agreements set forth in the APA.

15.    Closing of the APA and the transactions contemplated therein and thereby do not effect a *de facto* merger or consolidation of the Debtor and the Purchaser or result in the continuation of the Debtor's business under the Purchaser's control.  The Purchaser is not the *alter ego* of, a successor in interest to, or a continuation of the Debtor, nor is the Purchaser otherwise liable for the Debtor's debts and obligations, unless specifically provided for in the APA or pursuant to this Order.

16.    The terms and provisions of the APA and all related ancillary documents shall be binding on the parties thereto, and the provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and creditors, the Committee, the Purchaser and its successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting a Claim or Interest in the Assets, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.  Nothing in this Order shall relieve the Purchaser or the Debtor from any liability it may have to the other under any express, unambiguous writing by either party in connection with the APA or the transactions contemplated thereby.

17.    The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety in accordance with this Order.

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

18.     The APA and any related agreements, documents or other instruments may be
modified, amended or supplemented by the parties thereto and in accordance with the terms
hereof, without further order of the Court, provided that any such modification, amendment, or
supplement does not have a material adverse effect on the Debtor's estate.

### Bank of America Secured Claim

19.     Bank of America, N.A., successor-by-merger to Fleet National Bank ("**BofA**"),
holds an allowed secured claim against the Debtor in the approximate amount of $3,264,446.59
as of the Petition Date, together with postpetition interest, any attorneys' fees and costs incurred
by BofA and any reimbursement obligations of Debtor to BofA in connection with that certain
Letter of Credit No. 64131023 in the amount of $95,062.50 as of the Petition Date, together with
postpetition interest, and attorneys' fees and costs incurred by BofA (the "**BofA Secured
Claim**"), as a result of certain loans and other financial accommodations provided to the Debtor
by BofA prior to, and following, the filing of this bankruptcy case, which claim includes
principal and interest that has accrued prior to, and following, the filing of this bankruptcy case.

20.     Notwithstanding anything to the contrary set forth in the Sale Motion, the APA or
this Order, the BofA Secured Claim is: (a) secured by BofA's duly-perfected first priority
security interests in, and liens on, *inter alia*, all of Debtor's assets, including but not limited to,
the Acquired Assets and the Retained Assets, as such terms are defined in and construed under
the APA (the "**BofA Pre-Closing Liens**"), and BofA has, and will continue to have, after entry
of this Order and until payment in full of the BofA Secured Claim, legal, valid, allowed,
enforceable, non-avoidable and continuing duly-perfected first priority security interests in and

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

liens on (i) substantially all of the Debtor's assets, including but not limited to the Acquired

Assets and the Retained Assets, and (ii) the proceeds of the sale, including, but not limited to,

the Plan Fund, as such term is defined in and construed under the APA (the "**BofA Post-Closing**

**Liens**"), and no disbursements from or adjustments to the Plan Fund shall be made until the

BofA Secured Claim has been paid in full; (b) an allowed, fixed, legal, valid, binding, and

enforceable claim against the Debtor and its estate; and (c) not subject to any contest, objection,

recoupment, defense, counterclaim, offset, claim of subordination, claim of re-characterization,

claim of avoidance of any nature, attack or challenge under the Bankruptcy Code, other

applicable non-bankruptcy law, or otherwise.

21.    At the Closing, the BofA Secured Claim, in an amount to be set forth in an agreed

upon payoff letter from BofA to the Debtor (the "**Payoff Letter**"), shall be paid in full via wire

transfer to the account set forth in the Payoff Letter.

22.    Upon payment in full of the BofA Secured Claim as set forth herein, BofA shall

promptly release the BofA Pre-Closing Liens and the BofA Post-Closing Liens, , and file, or

authorize the Debtor to file, UCC-3 termination statements with the Secretary of State of New

Jersey and any other state where BofA filed a financing statement. In addition, upon the

payment in full of the BofA Secured Claim as set forth herein, BofA shall provide such other and

further documents and instruments as may be reasonably requested by the Debtor or the

Committee in order to release the BofA Pre-Closing Liens and the BofA Post-Closing Liens,

including, but not limited to, promptly notifying any depository bank that BofA's interest in the

Debtor's deposit account has terminated.

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

*Approved by Judge Donald H. Steckroth May 28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

23.     Pursuant to that certain Merchant Agreement, as amended, by and among BA

Merchant Services, LLC ("**BA Merchant Services**"), BofA (collectively with BA Merchant

Services, "**BA Merchant Services/Bank**"), and the Debtor, dated as of August 30, 2008 (the

"**Merchant Agreement**"), BA Merchant Services/Bank provides credit card processing services

to the Debtor.  BA Merchant Services/Bank's rights as a secured creditor under the Merchant

Agreement, including its right to establish a funded cash reserve, are set forth in the Stipulation

between the Debtor and BA Merchant Services/Bank, entered contemporaneously with this

Order, and are not affected by the provisions of this Order.

### Pyramid Secured Claims

24.     Notwithstanding anything to the contrary herein, the security interests and liens of

(i) Pyramid Walden Company, L.P., (ii) Holyoke Mall Company, LP and (iii) Crystal Run

Newco, LLC (collectively the "**Secured Landlords**") in their collateral, as defined in section

23.19 of the leases between the Secured Landlords and the Debtor (collectively the "**Collateral**")

shall continue on and after the assumption and assignment of the leases between the Secured

Landlords and the Debtor (collectively the "**Leases**") notwithstanding the sale of the Collateral,

and the sale of the Collateral shall be subject to the security interests and liens of the Secured

Landlords and not free and clear of such liens and security interests notwithstanding anything to

the contrary contained in this Order, the Sale Motion, the APA, or any document filed or served

in connection with the Sale Motion.  Notwithstanding anything contained herein to the contrary,

the Secured Landlords agree, upon assumption and assignment of the Leases, to subordinate their

security interests (as defined in section 23.19 of the Leases, as modified) regarding Purchaser's

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

inventory and equipment, to the primary security interest, if any, of any purchase money lender

or Cosigner of Purchaser. .

25.    Notwithstanding anything to the contrary contained in this Order, the Sale Motion

or the APA, upon assumption and assignment of the leases (collectively the "**Pyramid Assumed**

**Leases**") between the Debtor and (i) the Secured Landlords, (ii) Crossgates Mall Company

Newco LLC, (iii) EklecCo Newco LLC, (iv) Poughkeepsie Galleria LLC, and (v) Carousel

Center Company, LP, the Purchaser assumes liability for all accrued but unbilled rent and

charges under the Pyramid Assumed Leases

26.    At the Closing, the Purchaser shall pay the secured claim of Pyramid Walden

Company, L.P. ("**PW**") in the amount of $141,138.36 under the rejected lease between PW and

the Debtor in full via wire transfer.

### Assumption, Assignment and Sale
### of Assumed Agreements

27.    Pursuant to §§ 105(a), 363 and 365 of the Bankruptcy Code, and subject to and

conditioned upon the Closing, the Debtor's assumption, assignment and sale to the Purchaser,

and the Purchaser's assumption at Closing on the terms set forth in this Order, the APA, and the

Assumed Agreements, as modified by the Lease Assignment Agreements, is approved, and the

requirements of §§ 365(b)(1), 365(b)(3) (to the extent applicable) and 365(f)(2) of the

Bankruptcy Code with respect thereto are deemed satisfied.  The Lease Assignment Agreements

hereby are approved and the Assumed Agreements are hereby assumed at Closing according to

their terms, as amended by the Lease Assignment Agreements to the extent applicable.

*Approved by Judge Donald H. Steckroth May 28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

28.     The Debtor is authorized, in accordance with §§ 105(a), 363 and 365 of the

Bankruptcy Code, to (a) assume and assign to the Purchaser, conditioned and effective upon the

Closing of the Sale, the Assumed Agreements identified on **Exhibit A,** which exhibit may be

supplemented or modified upon agreement of the Debtor, the Purchaser and the non-debtor party

to the Assumed Agreement, at any time prior to the Closing, free and clear of all Claims and

Interests of any kind or nature whatsoever, and (b) execute and deliver to the Purchaser such

documents or other instruments as may be necessary to assign and transfer the  Assumed

Agreements to the Purchaser.

29.     With respect to the Assumed Agreements identified on Exhibit A hereto, (a) at

Closing, the Assumed Agreements shall be transferred and assigned to, and following the

assumption and assignment, shall and shall be deemed valid and binding and remain in full force

and effect for the benefit of, the Purchaser in accordance with their respective terms,

notwithstanding any provision in any such Assumed Agreement (including those of the type

described in § 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions

such assignment or transfer, and, pursuant to § 365(k) of the Bankruptcy Code, the Debtor shall

be relieved from any further liability with respect to the Assumed Agreements after such

assignment to and assumption by the Purchaser; (b) each such Assumed Agreement is an

executory contract of the Debtor under § 365 of the Bankruptcy Code; (c) the Debtor may

assume each such Assumed Agreement in accordance with § 365 of the Bankruptcy Code;

(d) the Debtor may assign each such Assumed Agreement in accordance with §§ 363 and 365 of

the Bankruptcy Code, and any provisions in any Assumed Agreement that prohibit or condition

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

the assignment of such Assumed Agreement or allow the party to such Assumed Agreement to

terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or

condition upon the assignment of such Assumed Agreement, constitute unenforceable anti-

assignment provisions which are of no force and effect but only in connection with the

assignment of each Assumed Agreement to Purchaser, and all such provisions in any Assumed

Agreement shall be fully enforceable after the assignment of each Assumed Agreement to

Purchaser; (e) all other requirements and conditions under §§ 363 and 365 of the Bankruptcy

Code for the assumption by the Debtor and assignment to the Purchaser of each such Assumed

Agreement have been satisfied and (f) upon (i) Closing, with respect to Assumed Agreements

identified on Exhibit A, (ii) the Purchaser shall be fully and irrevocably vested in all right, title

and interest of each such Assumed Agreements.

30.     If an objection is or has been filed pursuant to the Bidding Procedures Order with

respect to the cure amount under any Assumed Agreement, the dispute with respect to the cure

amount may be resolved consensually, if possible, by the parties, or, if the parties are unable to

resolve their dispute, by the Court.  During the pendency of a dispute relating to cure amount

under an Assumed Agreement, the Purchaser shall pay the undisputed cure amount and escrow

any reasonably disputed cure amount pending agreement of the parties or further order of the

Court, in which case the pendency of the dispute relating to the cure amount shall not prevent or

delay the assumption or assumption and assignment of such Assumed Agreement.

31.     The cure amounts set forth on Exhibit A attached hereto and any cure amounts

once resolved by agreement or by the Court (collectively, the "**Cure Amounts**") are the true,

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

correct, final and fixed amounts, and only amounts, that are required to be paid upon assumption

of the Assumed Agreements pursuant to §§ 365(b)(1)(A) and (B) of the Bankruptcy Code

(except as otherwise has been or may be agreed to in a signed writing between the Debtor and

the lease counterparty) and the Purchaser is directed to pay such amounts under §§ 105, 363(b)

and 365 of the Bankruptcy Code upon assumption of such Assumed Agreements. The Cure

Amounts shall not be subject to further dispute or audit (except as otherwise has been or may be

agreed to in a signed writing between the Debtor and the lease counterparty), including any

based on performance prior to the time of assumption, assignment and sale, irrespective of

whether such Assumed Agreement contains an audit clause. The payment of the applicable Cure

Amounts (if any) shall (a) effect a cure of all monetary and nonmonetary defaults existing under

the Assumed Agreements as of the date of assumption and assignment, (b) compensate for any

actual pecuniary loss to such non-Debtor party resulting from such default, and (c) together with

the assumption of the Assumed Agreement by the Debtor, constitute adequate assurance of

future performance thereof.

32.     The Purchaser shall be responsible for any and all unpaid year-end adjustments,

whether accruing prior to or after the effective date of the assignment of such lease assumed by

the Debtor, when such charges become due in the accordance with the terms of such leases.

33.     The Purchaser has demonstrated adequate assurance of future performance with

respect to the Assumed Agreements and has satisfied the requirements of the Bankruptcy Code,

including, without limitation, §§ 365(b)(1) and (3) and 365(f)(2)(B) to the extent applicable.

{22375/22893/DSM/00045293.DOC}
1544554 v5/NY

*Approved by Judge Donald H. Steckroth May 28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

34.    There shall be no rent accelerations, assignment fees, increases or any other fees

charged to the Purchaser as a result of the assumption, assignment and sale of the Assumed

Agreements.  The validity of the assumption, assignment and sale to the Purchaser or its

designee shall not be affected by any dispute between the Debtor and another party to an

Assumed Agreement regarding the payment of any amount, including any cure amount under the

Bankruptcy Code.

35.    Any party that may have had the right to consent to the assignment of its

Assumed Agreement is deemed to have consented to such assignment for purposes of §

365(e)(2)(A)(ii) of the Bankruptcy Code and otherwise if it failed to object to the assumption and

assignment.

36.    Pursuant to §§ 105(a), 363 and 365 of the Bankruptcy Code and except as

provided in this Order, each non-Debtor party to an Assumed Agreement hereby is forever

barred, estopped, and permanently enjoined from raising or asserting against the Debtor, the

Purchaser, its affiliates or the property of any of them:  (i) any fee, monetary or nonmonetary

default, breach, claim, pecuniary loss, liability or obligation (whether legal or equitable, secured

or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinate) arising

under or related to the Assumed Agreement existing as of the date of assumption and assignment

or arising by reason of the Closing (other than the Cure Amounts), including without limitation

under any Agreement with respect to any tenant improvement obligations, recoupment rights

with respect to tenant improvement payments, rent, percentage rent, common area charges, real

estate taxes or utilities or other charges owing under the Agreement (including any amounts

*Approved by Judge Donald H. Steckroth May 28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

owed to the landlord pursuant to any "true-up" provisions with respect to any of the foregoing

for any portion of the current lease year which elapsed prior to the Closing), and (ii) any

condition to assignment or objection to the assumption and assignment of such non-Debtor

party's Assumed Agreements.

37.      Except as provided in the APA or this Order, after the Closing, the Debtor and its

estate shall have no further liabilities or obligations with respect to any Assumed Liabilities and

all holders of such claims are forever barred and estopped from asserting such claims against the

Debtor, its successors or assigns, its property or its assets or estate.

38.      Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule

6006(d), this Order shall not be stayed for ten days after the entry hereof, but shall be effective

and enforceable immediately upon issuance hereof.  Time is of the essence in closing the

transactions referenced herein, and the Debtor, the Purchaser and the Committee intend to close

the Sale as soon as practicable.  Any party objecting to this Order must exercise due diligence in

filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

39.      The provisions of this Order are nonseverable and mutually dependent.

40.      Pursuant to § 365(k) of the Bankruptcy Code, effective upon the Closing and

assumption and assignment of the Assumed Agreements to the Purchaser, the Debtor shall be

relieved from any further obligations under or related to the Assumed Agreements.

41.      All entities who are presently, or on the Closing Date may be, in possession of

some or all of the Assets are hereby directed to surrender possession of the Assets to the

Purchaser on the Closing Date.

*Approved by Judge Donald H. Steckroth May  28, 2009*

Debtor: Against All Odds USA, Inc.
Case No. 09-10117 (DHS)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004, 6006 AND 9014 (I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; (II) APPROVING THE ASSET PURCHASE AGREEMENT WITH NEW DEAL, LLC;
(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

42.    Nothing contained in any plan of reorganization or liquidation confirmed in this

case or the order of confirmation confirming any such plan shall conflict with or derogate from

the provisions of the APA or the terms of this Order.

*Approved by Judge Donald H. Steckroth May  28, 2009*

# EXHIBIT "A"

## ASSUMED AGREEMENTS AND CURE AMOUNTS

*Approved by Judge Donald H. Steckroth May  28, 2009*

## EXHIBIT A:    ASSUMED NON-RESIDENTIAL LEASES

| Count | Store # | Landlord | Mall | City, State | Lease Cure Amount (Pre and/or Post Petition) ** | Administration Amounts Agreed To | Lease Modification Signed by Landlord* |
|---|---|---|---|---|---|---|---|
| 1 | 1 | GGP | Woodbridge Mall | Woodbridge, NJ | $81,444.52 | $1.82 | Yes |
| 2 | 6 | GGP | Willowbrook Mall | Wayne, NJ | $52,782.17 | NA | Yes |
| 3 | 20 | GGP | Staten Island Mall | Staten Island, NY | $53,896.39 | $5,137.56 | Yes |
| 4 | 36 | GGP | Buckland Hills Mall | Manchester, CT | $44,296.18 | $1,794.00 | Yes |
| 5 | 31 | K/Simon | Hamilton Mall | Mays Landing, NJ | $41,191.07 | NA | Yes |
| 6 | 34 | K/Simon | King of Prussia Mall | King of Prussia, PA | $120,973.47 | NA | Yes |
| 7 | 46 | K/Simon | Lehigh Valley Mall | Whitehall, PA | $78,440.44 | NA | Yes |
| 8 | 15 | Simon | Brunswick Mall | East Brunswick, NJ | $42,834.25 | NA | Yes |
| 9 | 17 | Simon | Livingston Mall | Livingston, NJ | $82,289.23 | NA | Yes |
| 10 | 18 | Simon | Galleria Mall | White Plains, NY | $75,209.38 | NA | Yes |
| 11 | 27 | Simon | Ocean County Mall | Toms River, NY | $60,385.58 | NA | Yes |
| 12 | 29 | Simon | Franklin Mills Mall | Philadelphia, PA | $68,787.72 | NA | Yes |
| 13 | 41 | Simon | Arundel Mills Mall | Hanover, MD | $74,464.40 | NA | Yes |
| 14 | 53 | Simon | Potomac Mills | Woodbridge, VA | $210,795.87 | NA | Yes |
| 15 | 16 | Pyramid | Palisades Center Mall | West Nyack, NY | $84,346.90 | NA | Yes |
| 16 | 22 | Pyramid | Holyoke Mall | Holyoke, MA | $65,798.30 | NA | Yes |
| 17 | 23 | Pyramid | Carousel Center Mall | Syracuse, NY | $6,399.18 | NA | Yes |
| 18 | 28 | Pyramid | Walden Galleria Mall | Cheektowaga, NY | $67,270.14 | NA | Yes |
| 19 | 30 | Pyramid | Crossgates Mall | Albany, NY | $147,795.63 | NA | Yes |
| 20 | 65 | Pyramid | Poughkeepsie Mall | Poughkeepsie, NY | $69,501.53 | NA | Yes |
| 21 | 13 | Pyramid | Crystal Run Mall | Middletown, NY | $50,668.20 | NA | Yes |
| 22 | 10 | Glimcher | Jersey Gardens Mall | Elizabeth, NJ | $117,000.00 | NA | NA *** |
| 23 | 44 | Wilmorite | Marketplace Mall | Rochester, NY | $11,281.82 | NA | Yes |
| 24 | 25 | Jager | Fairground Mall | Reading, PA | $32,000.00 | NA | Yes **** |
| 25 | 11 | PREIT | Hudson Mall | Jersey City, NJ | $53,723.07 | NA | No |
| 26 | 9 | Westfield | Garden State Plaza | Paramus, NJ | $65,245.94 | NA | NA *** |

\* Debtor has signed all Lease Modification Agreements.
\*\* All objections have been resolved with Lease Modification Agreements or by agreement with the respective landlord.
\*\*\* Debtor is not seeking a Lease Modification Agreement on these properties.
\*\*\*\* Jager has conditioned its Lease Modification on approval from its "lender."

*Approved by Judge Donald H. Steckroth May  28, 2009*